MICHELE BECKWITH
Acting United States Attorney
CHARLES CAMPBELL
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>      v.<br><br>ROBERT JORDAN,<br><br>                    Defendants. | CASE NO. 2:25-MJ-101-CKD<br><br>GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION<br><br>DATE: July 14, 2025<br>TIME: 2:00 p.m.<br>COURT: Hon. Allison Claire |

On July 2, 2025, Defendant Robert Jordan was charged via complaint with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Government sought detention at the defendant's initial appearance on July 7, and at the defendant's request the detention hearing was continued until July 14. This memorandum lays out facts and arguments in to support the Government's motion for detention.

### I.    BACKGROUND

The conduct which led to this case is described in detail in the affidavit supporting the criminal complaint. *See Complaint*, Dkt. 1. But in brief, the defendant is prohibited from possessing firearms due to his multiple prior felony convictions, including a 1993 conviction for Attempted Murder, in violation of California Penal Code § 187(a). Dkt. 1. During a routine traffic stop on October 1, 2024, the defendant told officers from the Stockton Police Department that he had a firearm in the center console of the vehicle. When the officers searched the center console, they found a loaded Smith and Wesson

revolver.

Prior to the filing of the federal criminal complaint in this case, the defendant had been charged with being a Felon/Addict in Possession of a Firearm, in San Joaquin Superior Court. *See People of the State of California v. Robert D. Jordan*, Case No. STK-CR-FE-2025-0002652. Some of the defendant's conduct during his pretrial release in that case, as well as his conduct during court proceedings, is relevant to this Court's detention decision.

In his initial appearances in state court, the defendant threatened to file liens against the property of the police officers who arrested him and the Deputy District Attorney who was handling his case, unless his case was dismissed. When his case wasn't dismissed, the defendant made good on his threats by filing a $5,000,000 UCC lien against the prosecutor, a $6,000,000 lien against the Superior Court Judge presiding over the case, a $1,000,000 lien against the clerk of the court, and $500,000 liens against several other county judges.[1] *See* Attachment A.

The defendant also engaged in harassing and disruptive conduct directed towards the prosecutor and her office. This conduct included sending letters personally addressed to the prosecutor and repeatedly showing up at the District Attorney's office to deliver those letters or to personally serve motions. The defendant continued this behavior even after being ordered by the court to stop. Based on the threat that the defendant posed to her safety, the prosecutor began travelling to and from court with one of her office's investigators for protection.

## II.     ARGUMENT

Pretrial detention of a criminal defendant is appropriate when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The government bears the burden of showing that the defendant poses a risk of flight by a preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). The government bears the burden of showing that the defendant poses a danger to the community by clear and convincing evidence. 18 U.S.C. § 3142(f).

---

[1] The Government notes that, had these actions occurred during proceedings in a United States District Court, they may have constituted violations of 18 U.S.C. § 1521. That statute prohibits filing "any false lien or encumbrance against the real or personal property" of a federal judge or federal law enforcement officer.

In this case, these factors weigh heavily in favor of the defendant's pretrial detention. Beginning with flight risk, the defendant's conduct in state court shows that he does not acknowledge the authority of the court system, and that he will ignore court orders which he disagrees with. This disregard for the law is also evident in the conduct which led to the defendant's arrest. As a result, it is doubtful that the defendant would comply with any restriction that this Court could place on him.

There is also substantial evidence which shows that the defendant poses a danger to the community. The defendant is known to be a member of the Eastside Crips gang, and he was armed at the time of his arrest. Given the defendant's stated belief that it is his right to possess firearms, there is little to suggest that he would be unwilling to rearm himself if released from custody. The defendant has also made multiple threats against members of the government associated with his state case, including the presiding judge, court staff, and the prosecutor. And by filing multi-million-dollar liens against these individuals, the defendant has demonstrated that he is willing to act on these threats.

Taken together, this conduct shows that the defendant is a flight risk, and that he poses a significant danger to community. Because there is no condition or combination of conditions that would mitigate these risks, the Government respectfully requests that this Court order the defendant's detention pending trial.

Dated: July 7, 2025

MICHELE BECKWITH
Acting United States Attorney

By: /s/ CHARLES CAMPBELL
CHARLES CAMPBELL
Assistant United States Attorney